**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA**,** | : | CASE NO. 1:18-CR-188 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JOHN R. ADAMS |
| vs. | : | |
| | : | |
| BRUCE McCAULEY, | : | **SENTENCING MEMORANDUM** |
| | : | **FOR BRUCE MCCAULEY** |
| Defendant. | : | |

Defendant Bruce McCauley, through undersigned counsel, submits the instant Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Counsel attaches the following Memorandum to assist the Court in fashioning Mr. McCauley's sentence.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

Attorney for Bruce McCauley

<u>MEMORANDUM</u>

## I.    Introduction

Defendant Bruce McCauley now appears for sentencing. The plea agreement executed by the parties sets his total offense level at 8. With his Criminal History Category III designation, his sentencing guideline range is 6 to 12 months within Zone B. This Memorandum details mitigation not included in the presentence report that supports a fair sentence under the factors codified at 18 U.S.C. § 3553(a). Mr. McCauley contends that based on his personal history and characteristics, as well as the facts of the instant offense, a sentence within his sentencing guideline range is sufficient but not greater than necessary to achieve the statutory goals of sentencing. As he qualifies for Zone B, Mr. McCauley requests this Court impose a sentence of home confinement to be followed by a term of supervised release.

## II.    Applicable Legal Standards

In *Kimbrough v. United States*, 552 U.S. 85 (2007), the United States Supreme Court reaffirmed the framework for Courts fashioning a defendant's sentence. Under *Kimbrough*, Courts must treat the Guidelines as the "starting point and the initial benchmark" when formulating a reasonable sentence. *Id.* However, the Guidelines are instead merely the starting point for a nuanced assessment of each individual case and the appropriateness of the Guidelines sentence must be judged against the other factors in 18 U.S.C. § 3553(a). *Id.* While the statute still requires a court to give respectful consideration to the Guidelines, the court must tailor the sentence in light of the other factors in § 3553(a) as well. *Booker v. United States*, 543 U.S. 220, 245-246 (2005).

The totality of these factors promotes a "holistic" sentence which may result in sentences lower than those previously calculated under a mandatory guideline scheme because the possible

sentencing range no longer prohibits courts from considering any specific factor. Another crucial statutory sentencing authority is 18 U.S.C. § 3661, entitled "Use of information for sentencing." This provision also emphasizes a holistic sentencing approach, stating:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C § 3661. In applying the 18 U.S.C. § 3553(a) sentencing factors and these legal standards, there is ample support for the conclusion that Bruce McCauley warrants a sentence below his sentencing guideline range, to a sentence of a year and day of incarceration.

### III.    Bruce McCauley's personal background and history

Bruce McCauley is a 66-year-old man who was born in Edwards, Mississippi in 1951. Bruce and his six siblings were raised solely by their mother, Doris Taylor, who is still alive and is 89 years old. Bruce never met his father and his father never had any role in his childhood or upbringing. At the age of fifteen, Bruce's mother brought the family to Cleveland, and they settled in East Cleveland. Bruce graduated from high school and in 1971 he enlisted in the United States Marine Corps where he was stationed at Camp LeJeune in North Carolina. He was employed as an administrative clerk for over a year.

In 1972, Bruce went absent without leave from his position. While Bruce was not deployed to Vietnam, he was close with other Marines who were deployed there. Some of his friends returned home after serving in Vietnam and had real struggles with drug addiction. These Marines had addictions so severe that they went absent from the base without leave. While Bruce did not go with them, he became afraid that their absence from the base would get him into trouble, simply because he was their friend, so he left as well. Bruce went absent from the base for several months, and during that time began experimenting with drugs. He discovered cocaine

and began abusing it. After a few months of absence, he returned to the base and faced a court martial. As a punishment, he was assigned to work as a clerk for a Colonel. He worked for this Colonel for the next two years, but continued to use drugs when he was not on duty. In 1975, Bruce was granted a General Discharge from the Marines.

While Bruce was in the Marines, his mother moved back to Mississippi and all his brothers and sisters moved to various parts of the country. Thus, when Bruce returned to Cleveland in 1975, he didn't have any family in the area or a support system. For the next couple of years, Bruce worked various jobs in the Cleveland area, but his continued drug use and alcohol use hampered his ability to thrive. In the late 1970s, he turned to crime in order to pay for his drug habit. Bruce stole a car and was given a sentence of probation. Dkt. 11, Presentence Report, ¶ 26. This began a vicious cycle for Bruce, and as reflected by his presentence report, Bruce has amassed a number of criminal convictions as an adult. The presentence report details that Bruce has 18 prior criminal convictions – fourteen felonies and four misdemeanors – and has been sentenced to prison on six different occasions over the last forty years. When Bruce was in the community, he continued to struggle with drug addiction, even finding himself homeless for long periods at a time. Bruce wants this Court to know that he is very ashamed of his prior record, and that every single one of his prior offenses was a direct result of his drug and alcohol addiction. He knows that some of his prior offenses are defined as "crimes of violence" but he wants this Court to know that he never actually hurt anyone and that he has never used or possessed a firearm or gun.

Bruce's drug addiction has lasted over forty years, and included addictions to cocaine, crack, prescription pills, amphetamines, heroin, and alcohol. Bruce knows he has a severe problem, and throughout his adult life has tried to kick his habit. He specifically sought help

from the Veterans Administration ("VA"), who offered him services such as drug treatment and mental health counseling. In the past, Bruce has taken advantage of these services, but always relapsed, and found himself repeating his old ways.

While his drug addiction has been plaguing him for over forty years, Bruce has managed to obtain brief periods of sobriety. In the 1990s he obtained an Associate's Degree from Hocking Technical College, receiving a degree for culinary arts and hotel and restaurant management. He also worked a variety of fast-food and service level jobs, including volunteering at the VA for the Volunteers of America.

## IV.    The instant offense and Bruce's guilty plea

Bruce takes full responsibility for his involvement in the instant offense, but wants this Court to understand how he committed the offense. He does not contest any of the facts set forth in the offense conduct laid out in the presentence report. Dkt. 11, Presentence Report, ¶¶ 6-8. To understand Bruce's thinking at the time of the offense, he directs this Court to his acceptance of responsibility statement. Dkt. 11, Presentence Report, ¶ 11. On October 12, 2017, Bruce was present at the Veterans Administration building in Cleveland where he was attending his own medical appointments. After the appointment, while in the cafeteria, he saw that another veteran had left his bag on top of a vending machine and had walked away. Bruce noticed the bag and noticed it was something electronic. Bruce thought it might be something he could sell, so Bruce took the bag and went home. When Bruce got home he realized that the item was probably pretty expensive and something necessary for the veteran who owned it. He was debating about whether to try to sell the item or to return it to the VA, and decided he would return it the next day. Before Bruce could return the item, law enforcement came to his home and questioned him

about the item. Bruce never denied his conduct and made a full confession for taking the item and gave it back. It was then that Bruce learned how much the item was actually valued at.

Bruce came to learn that this item was a back pain treatment device that cost $9,120. Bruce also came to learn that because he stole the item, it could not simply be given back to the other veteran, but had to be completely replaced. Bruce has terrible remorse for the cost to the VA as well as to any temporary pain or suffering that the veteran had a result of Bruce's actions. While Bruce truly felt terrible for his actions, this was a severe wake-up call to Bruce. He knew that he had to get control of his life and get rid of his addiction to drugs. Bruce engaged the VA for more services and enrolled himself in intensive out-patient drug treatment. He has been clean and sober since November 19, 2017, and to date has been clean for over eight months, the longest period of sobriety Bruce has had since his use began. Even though Bruce completed the 12-week IOP program, he requested to extend his stay in IOP because he felt he needed additional help to overcome his addiction. Bruce has successfully completed IOP and is now in a 12-week aftercare treatment program.

Not long after Bruce began his period of sobriety, he came to learn that he was being investigated for his offense. Through counsel, Bruce and the government came to an agreement, in which Bruce agreed to plead guilty to theft of government property, in violation of 18 U.S.C. § 641. Bruce agreed to waive indictment, be charged by information, and executed a written plea agreement with the government. On April 26, 2018, Bruce appeared before this Court and pled guilty to the one-count information.

Under the terms of his plea agreement, Bruce's base offense level is 6. Dkt. 7, Plea Agreement, PageID 24. He receives a two-level enhancement because the value of the item taken was over $6,500, and another two-level enhancement because the offense involved the theft from

another person. Dkt. 7, Plea Agreement, PageID 24. Bruce then receives a two-level reduction

for his acceptance of responsibility. This results in a total offense level of 8. With his Criminal

History Category III designation, Bruce's sentencing guideline range is 6 to 12 months within

Zone B.

It should be noted the presentence report calculates Bruce's guideline range differently

from the plea agreement. The presentence report does not impose the two-level enhancement for

theft from another person (U.S.S.G. 2B1.1(b)(3)) and therefore finds Bruce's total offense level

to be 6, and his range to be 2 to 8 months within Zone B. Bruce does not disagree with the

calculation set forth in the presentence report, but as he has already pled guilty under the terms of

the plea agreement, he asks this Court to follow the guideline calculation set forth in the plea

agreement.

**V.      Bruce's rehabilitative efforts since the offense**

Bruce McCauley asks this Court to impose a sentence within the guideline range and

sentence him to a period of home confinement based in part on the rehabilitative efforts he has

made since the offense occurred. While this period of rehabilitation began after the offense in

October of 2017, it also includes the past three months that Bruce has been on bond through this

pretrial services. Since his arraignment and plea in April, Bruce has had no violations or issues

while on release.

As detailed above, Bruce's offense in this case caused him such remorse that he knew it

was time to become drug-free for good. Therefore, after his offense he enrolled in VA services

and began intensive out-patient drug treatment. Now, sober for over eight months, Bruce is very

happy with the progress he has made so far and wants to continue. Even though Bruce completed

the 12-week IOP program, he requested to extend his stay in IOP because he felt he needed

additional help to overcome his addiction. He has since completed this extended period of IOP, and Bruce is enrolled in a 12-week aftercare treatment program. Bruce wants this Court to know that the treatment has really helped him to practice being more honest with others, to help others, and to be less selfish. Bruce believes he has utilized these lessons and is committed to doing so in the future.

Bruce has also engaged in the services of mental health professionals for counseling and psychiatric treatment. Bruce was previously diagnosed with depression, antisocial personality disorder, and post-traumatic stress disorder (PTSD). He is regularly meeting with a counselor at the VA who has prescribed him medications for his depression. Bruce believes the medication, counseling, and drug treatment have collectively given him the clarity and the support to help him overcome his addiction for good.

The VA also provides Bruce with access to doctors and treatment for his physical health issues. Bruce suffers from sleep apnea, rheumatoid arthritis, glaucoma, chronic obstructive pulmonary disease (COPD), asthma, migraines, and foot problems. Dkt. 11, Presentence Report, ¶ 52.

Bruce is also being provided housing by the VA. Because Bruce has a history of being homeless, he qualified for housing programs within the VA. He was housed at the VA domiciliary, which is specifically offered to homeless veterans. The VA, cognizant of homeless veterans developing drug addictions, has tight security policies in this housing. All medications and prescriptions are locked at all times, and there are security cameras in all the hallways and common areas. Any residents or visitors must sign in and out with the security guard in the building. Bruce was housed at this facility from November of 2017 until last month. A month

ago, Bruce was transferred to another VA housing facility, which has 24-hour monitoring, random bed checks, and all the same security features as the previous facility.

To further demonstrate Bruce's progress these last eight months, he attaches several exhibits for this Court's consideration. Attached as Exhibit A are five pages of attendance sheets for 12-Step meetings Bruce has attended since November of 2017. Bruce averages going to three support group meetings on his own each week. Bruce is not required to go by his drug treatment providers, but chose to go on his own because he believes attending these meetings is beneficial to him. The meetings help him realize that he is not alone and that there are others who are facing the same struggles he has. The next letter, Exhibit B, is written by a case manager at the VA housing program where Bruce lives. A similar letter is attached as Exhibit C, written by William Christian. Mr. Christian is a social worker through the VA's housing program, and he explains the programs Bruce is engaged in for housing and drug treatment. Mr. Christian explains that all of Bruce's drug screens have been negative, that he attends all required meetings, has not had any negative marks on his chart, and has been involved in many pro-social groups.

The next letter, Exhibit D, is written by Tierra Littlejohn, one of the social workers at Bruce's IOP treatment program. She explains that Bruce has completed three months of treatment and been successfully discharged from the IOP program. She details that Bruce has made progress and he is a positive and engaged member of the program. She even states that Bruce has been a leader amongst the other program members. Exhibit E is a certificate of completion for a program Bruce completed recently.

Attached as Exhibit F is a letter from Bruce's sponsor, Bernard Booze. Mr. Booze has been mentoring Bruce since November and explains that Bruce has shown great progress over

the last eight months. The final two letters, Exhibit G and H, are written by Bruce's fiancée and sister, respectively. They both detail Bruce's character as being a kind and caring person, but also explain that Bruce has shown great growth through his sobriety in the past eight months.

Bruce knows that he has a long road ahead of him to break free of his addiction to drugs. He is very grateful to the VA for offering him the services and support he needs, and is very much excited to continue working with the VA and his treatment providers. As demonstrated by these exhibits, Bruce has much more of a support system now than he ever had in the past, and believes this support system will aid him in being able to overcome his addiction. He has made considerable progress over the last eight months, and hopes to remain in the community so he can continue to demonstrate his progress. He asks this Court to consider his rehabilitative efforts since his offense in fashioning his sentence under 18 U.S.C. § 3553(a).

## VI.    Conclusion

Considering all the mitigation set forth in this memorandum, together with Bruce McCauley's allocution at his sentencing hearing, a sentence within the guideline range of home confinement is sufficient and satisfies the statutory sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
1660 W. 2nd Street
Skylight Office Tower, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
E-Mail: jeffrey_lazarus@fd.org

Attorney for Bruce McCauley

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, a copy of the foregoing Sentencing Memorandum

was filed electronically. Notice of this filing will be sent by operation of the Court's electronic

filing system to all parties indicated on the electronic receipt. All other parties will be served by

regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender